JULIA CANTOR, Appellant, v. MURRAY BOXER and Others, Defendants, PAUL GOETZ, GRACE SCHLARICK, RAY GREENSTEIN and BENJAMIN BARTNICK, Respondents.— Order granting the motion of certain defendants for a bill of particulars modified by striking from the items the words " precisely " and " exact " wherever they appear, and by inserting therein a provision that the particulars are to be given by the plaintiff if she knows them; otherwise that she shall so state. As so modified the order is affirmed, in so far as an appeal is taken therefrom, with ten dollars costs and disbursements to respondents. The particulars, or the statement in lieu thereof, is to be furnished within five days from the entry of the order hereon. No opinion. Lazansky, P. J., Carswell and Johnston, JJ., concur; Hagarty and Davis, JJ., vote to modify the order by eliminating all items except No. 1 and No. 12 and as so modified to affirm the order.

ANTONIO GROSSI, Respondent, v. RIALTO SECURITY CORPORATION, Appellant.— Action to recover surplus of advances made by defendant, as a factor, on assigned accounts. Plaintiff claims the surplus by virtue of an assignment made subsequent to the time of the assignment of the accounts to the factor. The factor claimed the agreement assigning the accounts gave it the right to the surplus. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Johnston and Taylor, JJ.

HELEN HARTMAN, Individually and as Executrix, etc., of MAURICE HARTMAN, Deceased, Appellant, v. JOSEPH P. DAY and Others, Defendants, and J. A. WIGMORE LAND COMPANY, Intervenor, Respondent.— In an action to enforce a vendee's lien upon certain real property, order denying plaintiff's motion to strike out the affirmative defense contained in the answer of the intervening defendant reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. In our opinion, it is no defense to this action that the performance of the contract in question has become more burdensome than was anticipated when the contract by the defendants was made (*P. P. & C. I. R. R. Co.* v. *C. I. & B. R. R. Co.*, 144 N. Y. 152), nor is it any defense that the intervening defendant now offers to perform the agreement and make the improvements in question. Approximately ten years have elapsed since plaintiff purchased this property, and it would be inequitable to compel her to suffer any further delay on the mere offer of the intervening defendant to make such improvements. Lazansky, P. J., Young, Hagarty and Davis, JJ., concur; Carswell, J., not voting.